UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NICHOLAS ROBERSON, # 290290,  )
                                     Plaintiff,  )    Case No. 1:09-cv-861
v.  )    Honorable Robert Holmes Bell
JOSEPH MARTENS, et al.,  )    **REPORT AND RECOMMENDATION**
                                     Defendants.  )

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns conditions of his confinement at the Ionia Maximum Correctional Facility (ICF). He named three State of Michigan employees as defendants: Resident Unit Officer (RUO) Joseph Martens, RUO Todd Rikkers, and Corrections Officer Brian Chaffee. Plaintiff alleges that the defendants used excessive force against him on June 4, 2009, in violation of his Eighth Amendment rights. (Second Am. Compl. ¶ IV, docket # 7). He sues defendants in their official and individual capacities and seeks an award of monetary damages and declaratory and injunctive relief. (*Id.* at ¶ V).

The matter is before the court on defendants' motion for summary judgment. (docket # 16).[1] For the reasons set forth herein, I recommend that plaintiff's claims for declaratory and

---

[1] On January 29, 2010, the court entered an order converting defendants' motion to dismiss into a motion for summary judgment because defendants relied on exhibits outside the pleadings. (docket # 19). The order notified plaintiff of his opportunity to submit evidence in opposition to defendants' motion. (*Id.*). *See Bruce v. Correctional Med. Servs., Inc.*, No. 08-6339, 2010 WL 2842736, * 2-3 (6th Cir. July 21, 2010). On April 1, 2010, plaintiff filed his response to defendants' motion for summary judgment. (docket #s 25, 26).

injunctive relief be dismissed as moot and that his claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motion for summary judgment on the remaining damage claims against defendants in their individual capacities be granted on grounds of exhaustion.

### **Applicable Standards**

**A.    Summary Judgment Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows

that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 336 (6th Cir. 2010).

Where, however, a moving party with the burden of proof seeks summary judgment, he faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to

disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies to defendants' motion for summary judgment because lack of exhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense.

  **B.**  **Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies and they seek dismissal of plaintiff's claims on that basis. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies before filing his complaint. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed"

complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24. Claims that are not fairly presented through the grievance process remain unexhausted.[2]

Further, in order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *See Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court. *Id.* at 90-93; *see* 42 U.S.C. § 1997e(a); *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 requires that the prisoner name within the body of his grievance the person whose conduct is challenged.[3] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's

---

[2]"Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a full and fair opportunity to adjudicate their claims." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

[3]Defendants' Exhibit 1A is a copy of the policy directive. (docket # 17-3, ID #s 95-101).

-5-

dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the prisoner's grievance. The following is an overview of the grievance process. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days after the attempted oral resolution. *Id*. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶¶ W, X. Prisoners are required to use "a Prisoner/Parolee Grievance (CSJ 247A) [form] to file a Step I grievance." *Id.* at ¶ R. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The Warden is generally the Step II respondent. *Id.* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to

providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing ...." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Jones v. Douglas*, 108 F. App'x 254, 256 (6th Cir. 2004).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is serving a lengthy prison sentence on his second-degree murder conviction. On June 4, 2009, he was an inmate at ICF. Plaintiff did not file any grievance alleging that defendants had subjected him to excessive force on June 4, 2009, and he did not appeal such a grievance through a Step III decision before he filed this lawsuit. (docket # 17-3, Stapleton Aff. ¶ 15, ID # 93).

A.  June 7, 2009 Grievance

Plaintiff has submitted to the court a copy of a document purporting to be a handwritten grievance, bearing the date of June 7, 2009 (docket # 26-4, ID# 138), in which plaintiff

claims that he was assaulted by defendants. There is no evidence that plaintiff filed this grievance.[4] This purported grievance was never received by the grievance coordinator and consequently it has no grievance number. (Stapleton Aff. ¶ 15, ID # 93).

### B. Grievance Number ICF-09-06-1357-12B1

On June 10, 2009, plaintiff wrote and filed a grievance complaining that the counseling he was receiving at ICF was inadequate. (docket # 26-5, ID # 140, Grievance No. ICF-09-06-1357-12B1). This grievance did not assert any claim against these defendants. Plaintiff pursued his grievance regarding psychological counseling through a Step III decision. (*Id.* at ID #s 143-45).

### C. Grievance Number ICF-09-06-1369-27Z

On June 16, 2009, ICF's grievance coordinator received a grievance dated June 5, 2009. It was a grievance against defendants drafted and filed by another ICF prisoner using plaintiff's name and forging his signature. The grievance coordinator assigned Grievance Number ICF-09-06-1369-27Z. (docket # 26-3, ID # 132). On June 16, 2009, the grievance was denied at Step I because it was not written or signed by plaintiff:

> Your grievance is being denied as it is a non-grievable issue. Per PD-03.02.130, pg. 3, M, "Wardens and FOA Area Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form, if needed. In such cases, assistance shall be provided by a staff member who is not involved in the grievance." It appears this grievance was not authored by you. Based on other grievances written by you, the handwriting and signature on this grievance is not yours. In checking you do have the ability to read and

---

[4]Plaintiff's brief contains a statement to the effect that he filed the unnumbered grievances dated June 7 and June 14, 2009. (Plf. Brief at 4, ID # 128). It is well established that statements appearing in a party's brief are not evidence. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

> write; in fact you have written and submitted grievances yourself, which have been processed for response. It is highly evident that you can read and write and to preserve the integrity of the grievance process, then you should be writing your own grievances.

(*Id.*).

On June 27, 2009, plaintiff prepared a handwritten statement in support of a Step II appeal. Plaintiff did not dispute the Step I findings that he did not write or sign the grievance. He acknowledged that it had been written by another prisoner and that it contained factual inaccuracies:

> Due to the noise level on the wing, facts in [this] matter are only partially correct. For instance, I never exited my cell. Writer was trying to determine what I said amongst several translators and antagonists.

(docket # 26-3, ID #134). Plaintiff offered the excuse, "prisoner was unable to write at the time." (*Id.*). The denial of the grievance was upheld on appeal because the grievance had been written and filed by another prisoner. (docket # 17-3, ID # 110; docket # 23-6, ID # 137).

### D. June 14, 2009 Grievance

Plaintiff has submitted a grievance dated June 14, 2009. (docket # 26-4, ID # 139). This grievance was never received by the grievance coordinator and it has no assigned grievance number. This purported grievance states, "On 6-5-09, I had a grievance submitted on my behalf due to my physical and mental state. This other person simply wrote down 'my' words." It is apparent that plaintiff manufactured this grievance sometime after June 16, 2009, when he received the Step I response denying Grievance Number ICF-09-06-1369-27Z. As plaintiff never submitted this grievance, it was not processed at any step of the grievance procedure. (Stapleton Aff. ¶ 15, ID # 93).

**Discussion**

I.  Mootness

Plaintiff is currently an inmate at the Baraga Maximum Correctional Facility (AMF). (docket # 28). Defendants are employed by the State of Michigan at ICF. Plaintiff's claims for declaratory and injunctive relief are moot. *See Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

II.  Eleventh Amendment Immunity

All plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants are entitled to judgment in their favor as a matter of law on plaintiff's claims for monetary damages against them in their official capacities.

III.  Exhaustion of Administrative Remedies

Defendants seek dismissal of plaintiff's claims against them on the ground that plaintiff did not exhaust his available administrative remedies before filing this lawsuit. Upon review, I find that plaintiff did not properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

"The exhaustion provision of the PLRA states: 'No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.'" *Jones v. Bock*, 549 U.S. at 204 (quoting 42 U.S.C. § 1997e(a)). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85 (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. In order for a claim to be exhausted, it must be fairly presented to prison officials through the grievance process. *Woodford*, 548 U.S. at 94. In addition, the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90.

None of the documents submitted by plaintiff is sufficient to satisfy the exhaustion requirement. The purported grievance of June 7, 2009 was never submitted. The June 10 grievance is irrelevant to the claims raised in this case. Grievance Number ICF-09-06-1369-27Z did not exhaust plaintiff's administrative remedies, because it was not plaintiff's grievance. It was written and filed by another prisoner. The MDOC's policy directive does not authorize one prisoner to prepare and file grievances on behalf of another. If a prisoner requires assistance, "assistance shall

be provided by a staff member who is not involved in the grievance." (Policy Directive 03.02.130, ¶ M, ID # 97).[5] The June 14 grievance was never submitted.

Plaintiff sent an informal complaint or "kite" to the MCOC's Internal Affairs Division and received a response dated October 6, 2009 (docket # 26-6, ID # 147). Plaintiff argues, without the benefit of supporting authority, that his action outside the MDOC's grievance process should be deemed adequate to exhaust his available administrative remedies. (Plf. Brief at 3, ID # 127). Plaintiff cannot bypass the entire MDOC grievance process through the mere expedient of sending his complaints to MDOC's Internal Affairs Division. The MDOC's policy directive authorizes prisoners to file a Step I grievance with the prison's inspector if the grievance falls within the jurisdiction of Internal Affairs. (Policy Directive 03.02.130, ¶ Q, ID # 97). All grievances must be filed on a Step I grievance form. (*Id.* at ¶ R). There is no evidence that he filed a Step I grievance form with ICF's inspector and he did not pursue such a grievance through a Step III decision. (Stapleton Aff. ¶ 15, ID # 93). Plaintiff's claims against defendants remain unexhausted.

The only remaining question is whether the dismissal should be with or without prejudice. Generally, the dismissal of claims for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) is without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 654 (6th

---

[5]Plaintiff's proffered excuse that he was unable to write his own grievance (Plf. Brief at 5, ID # 129) is patently false. Plaintiff had, at minimum, five business days after the purported assault within which to file his Step I grievance. *See* Policy Directive 03.02.130 ¶ P. The assault allegedly occurred on Thursday, June 4, 2009, making June 11, 2009, his earliest possible deadline for filing a Step I grievance. On June 10, 2009, plaintiff wrote his grievance regarding psychological counseling. (docket # 26-5, ID # 140, Grievance No. ICF-09-06-1357-12B1). Elsewhere, plaintiff represents to the court that he drafted one of his unnumbered grievances on June 7, 2009. (docket # 26-4, ID # 138).

Cir. 2006). Defendants have not presented any developed argument why dismissal with prejudice would be appropriate.

It is virtually certain that any grievance plaintiff might now file against defendants would be rejected as untimely at Step I, and upheld on that basis at Steps II and III. A grievance so rejected would provide a basis for dismissing plaintiff's claims with prejudice because "proper exhaustion still requires compliance with the grievance policy's critical procedures such as timeliness." *Vandiver v. Correctional Med. Servs., Inc.*, 326 F. App'x 885, 889 (6th Cir. 2009)(citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (stating that dismissal for failure to exhaust is without prejudice and does not bar the reinstatement of the suit, unless it is too late to exhaust)). However, the Sixth Circuit's recent decision in *Reed-Bey v. Pramstalller* suggests that the court should not anticipate a future events and should wait and see whether the State enforces its procedural rules. 603 F.3d at 325-26.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's claims for declaratory and injunctive relief be dismissed as moot and that his claims for monetary damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motion for summary judgment (docket # 16) be granted and that all plaintiff's remaining claims against defendants be dismissed without prejudice for failure to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a). The court should enter an order implementing these recommendations and a final judgment closing the case.


Dated: August 25, 2010                /s/ Joseph G. Scoville
                                      United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).